631 F.2d 81
 25 Fair Empl.Prac.Cas. 1191,
25 Empl. Prac. Dec. P 31,534
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
Chrysler Corporation, Defendant-Appellee,
v.
INTERNATIONAL UNION OF ELECTRIC, RADIO AND MACHINE WORKERS,
AFL-CIO, CLC, LOCAL 758; International Union of Electric,
Radio and Machine Workers, AFL-CIO, CLC and Local 775;
International Union of Electric, Radio and Machine Workers,
AFL-CIO, CLC, Defendants-Appellants.
 No. 78-3394.
 United States Court of Appeals,
Sixth Circuit.
 May 16, 1980.
Certiorari Denied Dec. 1, 1980.
See 101 S.Ct. 565.
 
 Richard F. Rice, Kettering, Ohio, Richard B. Sobol, Sobol & Trister, Steven Cole, Winn Newman, Washington, D. C., for defendants-appellants.
 Bruce B. Eflvin, Regional Atty., E. E. O. C., Robert S. Bauders, Betty Pinkney, Cleveland, Ohio, Everett Vann Eberhardt, E. E. O. C., Lutz A. Prager, Washington, D. C., for plaintiff-appellee.
 Roger J. Makley, Coolidge, Wall, Matusoff, Womsley & Lombard, Dayton, Ohio, for defendant-appellee Chrysler.
 Before LIVELY and BOYCE F. MARTIN, Jr., Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Equal Employment Opportunity Commission filed an action against Chrysler Corporation and the International Union of Electrical, Radio and Machine Workers, AFL-CIO-CLC, and IUE Locals 775 and 758 (Unions), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The Unions, parties to a collective bargaining agreement with Chrysler, were named as nominal defendants under Rule 19(a)(2), Fed.R.Civ.P., "in that they (had) an interest in the outcome of the action."
 
 
 2
 Pursuant to an order, a Special Master was appointed to hear the case pursuant to Rule 53, Fed.R.Civ.P., and 42 U.S.C. § 2000e-5(f)(5). The order and expenses, to which no objections were filed, directed the parties to pay him a reasonable compensation. A settlement agreement was reached between Chrysler and EEOC which was approved by the district court. The Master assessed a $2,500 fee for his services, with each party taxed one-third of that amount.
 
 
 3
 The Unions appeal the assessment levied against them, claiming that mere participation in the action did not justify assigning liability for costs. The Unions argue that no relief was sought from them and that no liability could have resulted under their "nominal" status. Generally, fees are includable as costs under Rule 54(d), Fed.R.Civ.P., subject to the discretion of the trial court. See K-2 Ski Company v. Head Ski Company, Inc., 506 F.2d 471 (9th Cir. 1974). Our review is limited to determining whether the district court abused its discretion in assessing the $2,500 fee in equal portions among the parties. Lewis v. Pennington, 400 F.2d 806 (6th Cir.), cert. denied, 393 U.S. 983, 89 S.Ct. 450, 21 L.Ed.2d 444 (1968).
 
 
 4
 As noted by the district court, the Unions took an active part in the litigation: they sought to realign themselves as plaintiffs to the action, filing a memorandum in support thereof and motion for reconsideration; they appeared at a preliminary pretrial conference, filed an answer to the complaint and stipulated as to the dismissal of a party defendant. They also did not file objections to the order appointing the Master. The Union also filed a memorandum opposing Chrysler's motion to dismiss. The district court admitted not knowing the extent of the Union's participation before the Master; but from this review it is obvious that they were active litigants. There has been no showing that the district court abused its discretion in assessing the $833.33 fee against the Unions. The judgment of the district court is therefore affirmed. See United States v. Masonry Contractors Association of Memphis, Inc., 497 F.2d 871 (6th Cir. 1974).